UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUSSELL D. ROSCO and BONNIE R. ROSCO, | NO:  2:15-CV-325-RMP |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM |
| v. | |
| EQUIFAX INFORMATION SERVICES; AMERICREDIT; CAPITAL ONE AUTO FINANCE; CONSUMER PORTFOLIO SERVICES; COSTCO WAREHOUSE; EXETER FINANCIAL; EXPERIAN INFORMATION SOLUTIONS; FIRST BANK MORTGAGE; FLAGSHIP CREDIT; GLOBAL LENDING SERVICES, INC.; GROSSINGER KIA; LAFONTAINE TOYOTA; REGIONAL ACCEPTANCE; ADVANTAGE GROUP; TIDEWATER CREDIT; and TRANSUNION LLS, | |
| Defendants. | |

BEFORE THE COURT are four Motions to Dismiss for Failure to State a

Claim filed by Defendants Capital One Auto Finance ("Capital One"), ECF No.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE
TO STATE A CLAIM ~ 1

54; Global Lending Services LLC ("Global Lending"), ECF No. 23; Flagship

Credit Acceptance, LLC ("Flagship"), ECF No. 74; and Consumer Portfolio

Services ("CPS"), ECF No. 80.  The Court has reviewed the motions, the record,

and is fully informed.

ANALYSIS

The Federal Rules of Civil Procedure allow for the dismissal of a complaint

where the plaintiff fails to state a claim upon which relief can be granted.  FED. R.

CIV. P. 12(b)(6).  A motion to dismiss brought pursuant to this rule "tests the legal

sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In

reviewing the sufficiency of a complaint, a court accepts all well-pleaded

allegations as true and construes those allegations in the light most favorable to the

non-moving party.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir.

2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-

32 (9th Cir. 2008)).

To withstand dismissal, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While specific legal theories need not be pleaded, the pleadings must put the

opposing party on notice of the claim.  *Fontana v. Haskin*, 262 F.3d 871, 877 (9th

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE
TO STATE A CLAIM ~ 2

Cir. 2001) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is not required to establish a probability of success on the merits; however, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A] [p]laintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.[1]

As a preliminary matter, the Court notes that Plaintiffs filed a response to the present motions to dismiss that was seemingly intended to simultaneously respond to all four motions filed by these similarly-situated Defendants. *See* ECF No. 92. This document was filed after submission of reply briefs from Global Lending and Capital One, so the filing could be viewed as an impermissible "sur-reply" as it pertains to those Defendants. However, due to Plaintiffs' pro se status, the Court has considered the document liberally in deciding all four motions.[2]

---

[1] Defendants also argue that Plaintiffs' Complaint fails to comply with FED. R. CIV. P. 8. *See e.g.*, ECF No. 54 at 6-7. However, in light of this Court's determination pursuant to FED. R. CIV. P. 12(b)(6), the Court need not address this argument.

[2] Plaintiffs also filed a declaration and an exhibit on the same day they filed ECF No. 92, *see* ECF No. 93, and filed three different responses to ECF No. 74, *see* ECF Nos. 78, 92, and 108. The Court has considered all of these documents.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 3

Plaintiffs allege that all four moving Defendants violated their rights in the same way, but the Court recognizes that Global Lending is currently in a different procedural posture from the other Defendants.  In Plaintiffs' Complaint, the only reference to Global Lending states that it "is a corporation with license to do business in Washington whose agent is National Corporate Research LTD, 1780 Barnes BLVD SW, Tumwater, WA 98512."  ECF No. 1 at 3.  There is no allegation of any action or wrongdoing by Global Lending, and, accordingly, Global Lending argues that it should be dismissed from this matter.  *See* ECF No. 23.

Plaintiffs respond that they simply neglected to list Global Lending among a number of other Defendants in their first, second, and third claims.  ECF No. 76 at 1.  They respond to Global Lending's motion by requesting leave to amend their Complaint and have filed a proposed Amended Complaint which names Global Lending in Claims I, II, and III.  *See* ECF No. 76-1 at 6-7.  Pursuant to FED. R. CIV. P. 15, Plaintiffs could file their proposed Amended Complaint "as a matter of course."  Accordingly, the Court has considered this First Amended Complaint as supplanting the original Complaint, *see* ECF No. 76-1.  The Court has reviewed this First Amended Complaint, and addresses all four Defendants' motions to dismiss simultaneously.

As it relates to their actions, Plaintiffs' original Complaint only alleged that the moving Defendants violated "15 U.S.C. § 1681et seq [sic]," when "Defendants

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 4

Americredit, Capital One Auto Finance, Consumer Portfolio Services, Exeter Financial, Flagship Credit, Regional Acceptance, and Tidewater Credit deprived Plaintiff, Russell D. Rosco of his constitutional and/or statutory rights by impermissible access to his credit information during the two year period preceding this lawsuit." ECF No. 1 at 5. Plaintiffs' First Amended Complaint adds Global Lending to the list of Defendants within this same conclusory statement. *See* ECF No. 76-1 at 7.

Defendants argue that Plaintiffs' conclusory allegations lack sufficient facts that would support their claims. Although Plaintiffs allege a deprivation of their rights, they fail to specify which statutes they seek to invoke beyond the statement of purpose of the Fair Credit Reporting Act, or upon which provisions of the Constitution their claims rely. Therefore, Defendants argue that because Plaintiffs' Complaint lacks allegations of law and facts sufficient to support a claim, or to provide adequate notice to the Defendants of the specific nature of Plaintiffs' allegations, that it must be dismissed as it pertains to them.

Plaintiffs respond that they only need to allege a "concise statement of the claim" and that they do not need evidentiary facts. *See e.g.*, ECF No. 77 at 3. Plaintiffs argue that they "ha[ve] provided a fair notice of [their] claim via 'impermissible access to [Mr. Rosco's] credit information during the two year period preceding this lawsuit.'" *Id*. Furthermore, they argue that Defendants' motions should be denied because Defendants fail to provide arguments that would

1  "indicate Plaintiffs will be unable to prove individual Defendants' liability based

2  on some conceivable theory, the standard of review appropriate to a Rule 12

3  motion." *Id*. at 4.

4      Plaintiffs fail to recognize the proper standard under FED. R. CIV. P.

5  12(b)(6).  To establish a prima facie case, they must establish "more than a sheer

6  possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (citing

7  *Twombly*, 550 U.S. at 556).  It is insufficient for Plaintiffs to allege only that they

8  can proceed on "some conceivable theory" based solely on an assertion of

9  impermissible access to credit information, without specifying either the law

10 supporting any theory or facts that would support a legal claim.

11     The U.S. Supreme Court has held that "a formulaic recitation of the

12 elements of a cause of action will not do" to allege a viable claim.  *See Twombly*,

13 550 U.S. at 555.  The Court has reviewed both the initial Complaint and the First

14 Amended Complaint, and the Court finds that neither recites elements of any

15 actionable claim or alleges any facts that would correspond to elements of a legal

16 cause of action.  *See generally* ECF Nos. 1 and 76-1.

17     Capital One, Global Lending, and Flagship interpret Plaintiffs' claims as

18 seemingly alleging a violation of 15 U.S.C. § 1681b(f) for the improper use or

19 acquisition of a credit report.  These Defendants cite *Godby v. Wells Fargo Bank,*

20 *N.A.*, 599 F. Supp. 2d 934, 938 (S.D. Ohio 2008), for the proposition that

21

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE
TO STATE A CLAIM ~ 6

> [a] plaintiff must establish three elements in order to sustain a claim of improper use or acquisition of a credit report: (i) that there was a "consumer report" within the meaning of the statute; (ii) that the defendant used or obtained it; and (iii) that the defendant did so without a permissible statutory purpose.

*See e.g.*, ECF No. 54 at 5.

If the Court accepts that Plaintiffs' claims were intended to allege a violation of 15 U.S.C. § 1681b(f), despite their not having cited to that subsection of the Fair Credit Reporting Act, Plaintiffs still fail to allege these elements. Their Complaint and First Amended Complaint simply state that Defendants "deprived Plaintiff, Russell D. Rosco of his constitutional and/or statutory rights by impermissible access to his credit information . . . ." ECF Nos. 1 at 5 and 76-1 at 7. Plaintiffs fail to allege how Defendants accessed the Roscos' credit information, and if they accessed that information, how that alleged access was impermissible.

Plaintiffs seemingly recognize their inability to allege the elements listed in *Godby* when they state that:

> [t]he three elements of *Godby v. Wells Fargo Bank, N.A.*, 599 F. Supp. 2d 934, 938 (S.D. Ohio 2008)[,] presented by the defendant are best served by actions after discovery; not by a dismissal prior to discovery. Especially in light of the fact that the two elements of *Godby*; the evidence of defendant "obtaining" a "credit report" is in the hands of the defendants and is obtainable through discovery. The third element of *Godby* is in debate; the defendant states they have a permissible purpose, whereas the plaintiff states there was no permissible purpose.

ECF No. 92 at 5 (italicization added). However, a potential litigant cannot force discovery by alleging bare claims that lack sufficient factual support in the

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 7

1  complaint, and here, Plaintiffs do not base their claims in law by correlating facts

2  to elements of a legal claim.

3      Furthermore, although Plaintiffs may be alleging a violation of 15 U.S.C. §

4  1681b(f) for Defendants' alleged actions in obtaining Plaintiffs' credit report

5  without any "permissible purpose," Plaintiffs' vague factual allegations defeat such

6  a claim.  The broader statute explicitly states a number of "permissible purposes"

7  that can justify the furnishing of a consumer report, including "[t]o a person which

8  [any consumer reporting agency] has reason to believe-- (A) intends to use the

9  information in connection with a credit transaction involving the consumer on

10  whom the information is to be furnished and involving the extension of credit to . .

11  . the consumer . . . ."  15 U.S.C. § 1681b(a).  Plaintiffs state that they "filled out a

12  credit application with LaFontiane [sic] Toyota[;] it was for the purpose of

13  determining purchase [sic] power . . . ."  ECF No. 108 at 2.  Although there are

14  insufficient facts before the Court to understand the nature of Plaintiffs' claims, the

15  Court notes the inconsistency of Plaintiffs' statement that they filled out a credit

16  application, but that they "were not trying to finance anything."  *Id*.  Plaintiffs'

17  admission to filling out a credit application seemingly would grant Defendants the

18  right to have access to their credit report.

19      Plaintiffs' sur-reply provides additional factual context by essentially

20  arguing that in late-2013 and early-2014, Plaintiffs were looking to purchase a

21  vehicle and were visiting different showrooms during that search.  *See* ECF No. 92

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE
TO STATE A CLAIM ~ 8

at 2-3.  Plaintiffs allege that they "never sought financing from the financial institutions listed in this case during the months of November and December 2014," but that "[t]he financial institutions listed in this case are listed as having made credit inquiries during the months of November and December 2014."  *Id*.[3]

Even considering the facts alleged in the improperly filed "sur-reply," Plaintiffs still fail to allege a claim upon which relief can be granted.  Pursuant to 15 U.S.C. § 1681b, there are a number of ways that Defendants could permissibly have obtained Plaintiffs' credit information, assuming they obtained that information at all, even if Plaintiffs had not sought financing from Defendants.

The Court focuses on the sufficiency of Plaintiffs' claims in ruling upon Defendants' motions to dismiss, but the Court also notes that Plaintiffs submitted a copy of a court order from the Northern District of Indiana where the court did not allow Mr. Rosco to amend his Complaint to add defendants due to the futility of

---

[3] Plaintiffs admit to making inquiries during visits to car dealerships from November of 2013 through January of 2014, but allege that Defendants are listed as having made credit inquiries in November and December of 2014.  The Court is not certain whether Plaintiffs intended to allege that the inquiries were made in November and December of 2013, instead of 2014, but the year is immaterial to the Court's determination regarding the sufficiency of Plaintiffs' claims for the purpose of the present motions.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 9

claims that appear very similar to those alleged in this case.  *See* ECF No. 93-1.

The Indiana court assessed Mr. Rosco's attempt to amend his Complaint to bring

claims against "nine financing companies and their individual employees for

allegedly accessing [Mr. Rosco's] consumer report without his authorization."  *See*

*id*. at 4-6.  The court cited 15 U.S.C. § 1681b to explain when non-consumer

initiated consumer report requests are allowed.  The court quoted the portion of 15

U.S.C. § 1681b(c)(1) that states that

> [a] consumer reporting agency may furnish a consumer report relating
> to any consumer . . . with any credit or insurance transaction that is not
> initiated by the consumer only if . . .  (B)(i) the transaction consists of
> a firm offer of credit or insurance; (ii) the consumer reporting agency
> has complied with subsection (e) of this section; [and] (iii) there is not
> in effect an election by the consumer, made in accordance with
> subsection (e) of this section, to have the consumer's name and address
> excluded from lists of names provided by the agency pursuant to this
> paragraph . . . .

*See* ECF No. 93-1 at 5.

In their sur-reply, Plaintiffs refer to the Indiana court's citation to 15 U.S.C.

§ 1681b as it relates to this case, arguing that "if the defendants are resting on 15

U.S.C. 1681b(c)(1); (i) there was no firm offer of credit or insurance, (ii) no

statement that consumer reporting agency [sic] complied, and (iii) the Plaintiff had

elected to have his name and address excluded from lists."  ECF No. 92 at 5.

Plaintiffs misconstrue their burden at this stage of litigation.  The Court is

not yet concerned with what Defendants are "resting on," but is instead focused on

the sufficiency of Plaintiffs' claims and whether or not they have stated a claim

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE
TO STATE A CLAIM ~ 10

upon which relief can be granted.  Even if this Court were to take Plaintiffs'

statement as an argument that their claims are consistent with 15 U.S.C. §

1681b(c)(1), Plaintiffs' bare, conclusory statements fail to establish "more than a

sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678

(citing *Twombly*, 550 U.S. at 556).

Plaintiffs argue that should this Court find their Complaint to be insufficient,

that Plaintiffs should be granted leave to amend their Complaint.  *See e.g.*, ECF

No. 77 at 4.  There has not yet been a motion for leave to amend their Complaint,

which would now be the Second Amended Complaint, so this request is not

properly before the Court.  However, due to Plaintiffs' pro se status, the Court will

treat their repeated requests as equivalent to a proper motion.

"The court should freely give leave when justice so requires."  FED. R. CIV.

P. 15(a)(2).  Although Rule 15 allows courts to liberally grant leave to amend

complaints, a district court "need not grant leave to amend where the amendment:

(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue

delay in litigation; or (4) is futile."  *AmerisourceBergen Corp. v. Dailysist West,
Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).  "Courts may deny a motion to amend a

complaint if doing so would be futile."  *Haley v. TalentWise, Inc.*, 9 F. Supp. 3d

1188, 1195 (W.D. Wash. 2014) *reconsideration denied*, No. C13-1915 MJP, 2014

WL 1648480 (W.D. Wash. Apr. 23, 2014) (citing *U.S. ex rel. Lee v. SmithKline
Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001)).

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE
TO STATE A CLAIM ~ 11

Plaintiffs' First Amended Complaint, ECF No. 76-1, did not address the lack of sufficient law or facts that the Court recognizes here, despite the fact that it was filed after three motions to dismiss were filed, ECF Nos. 23, 54, and 74, which provided notice to Plaintiffs of the deficient nature of their original Complaint. After numerous attempts in their responses and sur-replies to the motions to dismiss, as well as in their First Amended Complaint, Plaintiffs do not allege sufficient law or facts to state a claim upon which relief could be granted.  In addition, Plaintiffs now have conceded that they had completed a credit application when they were shopping for cars, which appears to have entitled Defendants to obtain Plaintiffs' credit report.

Allowing Plaintiffs to file a Second Amended Complaint would be to allow them to do as they previously have done: repeat conclusory statements asserting that they have enough facts to support some "conceivable theory" under the Fair Credit Reporting Act.  The Court finds that such amendment would be futile and would unduly prejudice Defendants by forcing them to continue to litigate against baseless claims.  Therefore, Plaintiffs shall not be granted leave to amend their First Amended Complaint.

Based on the foregoing, the Court finds that Plaintiffs have not stated a claim upon which relief could be granted against Defendants Capital One Auto Finance; Global Lending Services LLC; Flagship Credit Acceptance, LLC; or

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 12

Consumer Portfolio Services, and Plaintiffs' claims against those Defendants are dismissed with prejudice.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Defendant Capital One Auto Finance's Motion to Dismiss for Failure to State a Claim, **ECF No. 54**, is **GRANTED**.

2. Global Lending Services LLC's Motion to Dismiss for Failure to State a Claim, **ECF No. 23**, is **GRANTED**.

3. Flagship Credit Acceptance, LLC's Motion to Dismiss for Failure to State a Claim, **ECF No. 74**, is **GRANTED**.

4. Consumer Portfolio Services' Motion to Dismiss for Failure to State a Claim, **ECF No. 80**, is **GRANTED**.

5. Capital One Auto Finance; Global Lending Services LLC; Flagship Credit Acceptance, LLC; and Consumer Portfolio Services are **DISMISSED** as defendants **WITH PREJUDICE**.

The District Court Clerk is directed to enter this Order and provide copies to counsel and to pro se parties and to **terminate Capital One Auto Finance; Global Lending Services LLC; Flagship Credit Acceptance, LLC; and Consumer Portfolio Services as defendants in this matter.**

**DATED** this 23rd day of May 2016.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 13