UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUSSELL D. ROSCO and BONNIE R. ROSCO,<br><br>                Plaintiffs,<br><br>  v.<br><br>EQUIFAX INFORMATION SERVICES; AMERICREDIT; CAPITAL ONE AUTO FINANCE; CONSUMER PORTFOLIO SERVICES; COSTCO WAREHOUSE; EXETER FINANCIAL; EXPERIAN INFORMATION SOLUTIONS; FIRST BANK MORTGAGE; FLAGSHIP CREDIT; GLOBAL LENDING SERVICES, INC.; GROSSINGER KIA; LAFONTAINE TOYOTA; REGIONAL ACCEPTANCE; ADVANTAGE GROUP; TIDEWATER CREDIT; and TRANSUNION LLS,<br><br>                Defendants. | NO:  2:15-CV-325-RMP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT |

BEFORE THE COURT are Plaintiffs' Motion for Reconsideration, ECF No. 146, and Plaintiffs' Motion for Leave of Court to File Second Amended Complaint

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT ~ 1

1  and Jury Demand, ECF No. 147.  The Court has reviewed the motions, the record,

2  and is fully informed.

## ANALYSIS

Plaintiffs' initial motion for reconsideration did not cite which law or rule they rely upon, but the Court construed it as one brought pursuant to the Federal Rules of Civil Procedure 59(e) and 60(b).  "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d ed. 2000)). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'"  *Carroll*, 342 F.3d at 945 (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Similarly, Rule 60(b) permits "reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief."  *Fuller v. M.G. Jewelry*, 950 F.2d

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT ~ 2

1437, 1442 (9th Cir. 1991) (citing FED. R. CIV. P. 60(b) and *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985)).

In their reply brief, Plaintiffs clarify that they are seeking reconsideration pursuant to Rule 60(b)(1) and (b)(6). *See* ECF No. 158. These subsections allow for relief from a final judgment, order, or proceeding due to "mistake, inadvertence, surprise, or excusable neglect;" and "any other reason that justifies relief." FED. R. CIV. P. 60(b). Plaintiffs request that the Court reconsider its ruling dismissing certain Defendants with prejudice, and have asked the Court to allow them to file a Second Amended Complaint, which they have filed twice, ECF Nos. 146-1 and 147-1. Due to Plaintiffs' tendency to file similar documents with minor differences, the Court reviewed both copies of this proposed Second Amended Complaint.

Having reviewed all of the pleadings and Plaintiffs' proposed Second Amended Complaint, the Court concludes that Plaintiffs have failed to support that there was any mistake, inadvertence, surprise, or excusable neglect, or any other reason to justify reconsideration. In addition, the Court finds that allowing Plaintiffs to file their proposed Second Amended Complaint would be futile.

Although Rule 15 allows courts to liberally grant leave to amend complaints, a district court "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dailysist West,*

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT ~ 3

*Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). "Courts may deny a motion to amend a complaint if doing so would be futile." *Haley v. TalentWise, Inc.*, 9 F. Supp. 3d 1188, 1195 (W.D. Wash. 2014) *reconsideration denied*, No. C13-1915 MJP, 2014 WL 1648480 (W.D. Wash. Apr. 23, 2014) (citing *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001)).

Plaintiffs' motions are simultaneously rambling and repetitive, and their claims are untethered to any legal basis. Although the motions contain irrelevant arguments that this Court need not address, the substance of Plaintiffs' motion and proposed Second Amended Complaint attempts to clarify claims that allegedly arose from what they refer to as "fraud in the inducement and/or fraud of misrepresentation." *See* ECF Nos. 146 and 147. Plaintiffs' own words summarizing what happened after Mr. Rosco filled out a credit application provide insight into the nature of this case:

> Prior to the submittal of the summary for summary motions, the plaintiff did not know under what permissive permission the Defendants were resting their ability to look at Plaintiff's credit nor did the plaintiff have anything but suspicion about the relationship between the dealerships (Lafontaine Toyota and Grossinger Kia) and the financial institution defendants. The only evidence the plaintiff had was that the financial institution defendants were listed as entities that looked at his credit during the previous two year period via a 3 bureau credit report.

ECF No. 146 at 2.

Mr. Rosco signed and submitted a credit application that explicitly allowed others to look into his credit. Plaintiffs allege that they

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT ~ 4

had been verbally assured by the salesperson at Lafontaine Toyota that the credit application would only be used for the purpose of determining buying power (DE 135-1 paragraphs 2-4; DE 135-2 paragraph [sic] 3-7). Any other use would subject the credit application to fraud in the inducement and thus voidable (DE 135-1 paragraphs 5-7). The Plaintiff wishes to void the credit application (DE 135-1 paragraphs 8-9).

ECF No. 146 at 2. This allegation directly contradicts the language of the credit application, which states one inch above Mr. Rosco's signature:

> I authorize dealer and any creditor to which dealer submits my application, together with any affiliates, agents, service providers or assignees of the dealer or creditor ("you" or "your") as follows. You may investigate my credit and employment history, obtain consumer reports on me and contact my references in connection with this application. If an account is opened for me in response to this application, I authorize you to: obtain credit reports on me for the review, update, extension or collection of my account or other legitimate business purpose related to my account; contact my references and other creditors in connection with the collection of my account including the location of my financed or leased vehicle, and release information about your credit experience with me as permitted by law.

ECF No. 118-1 at 2. Therefore, Plaintiffs' attempt to amend the First Amended Complaint to add allegations of "fraud in the inducement and/or fraud of misrepresentation" due to the dealership doing exactly what Mr. Rosco's signed statement authorized is a futile attempt to provide clarification and revive claims that were previously dismissed.

Furthermore, Plaintiffs allege that financial institution Defendants did not have a permissible purpose to view Plaintiffs' credit because LaFontaine Toyota committed fraud in getting Mr. Rosco to sign the application, and due to the

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT ~ 5

"subsequent Plaintiff Russell D. Rosco['s] voiding of credit application . . .". *See e.g.*, ECF No. 146-1 at 9. The Court has considered the sequence of these allegations: (1) Plaintiffs applied for credit; (2) certain Defendants acted on that application, (3) Plaintiff now states that Mr. Rosco "voids the credit application" three years after signing it, and (4) Plaintiffs now allege that certain Defendants acted improperly because they should have known that Mr. Rosco's signature would be "voided" three years later. Plaintiffs do not cite to any statute or law that would support their claims.

The Court notes that Plaintiffs previously referred to "15 U.S.C. § 1681etseq [sic]" as the statutory basis for their allegations that charged violations of their "constitutional and/or statutory rights" and now cite to 15 U.S.C. § 1681(b) and/or 15 U.S.C. § 1681(o)." *See e.g.*, ECF No. 147-1 at 9. 15 U.S.C. § 1681(b) is a purpose statement, but even if Plaintiffs meant to refer to 15 U.S.C. § 1681b, which does in fact state permissible purposes of consumer reports, they nonetheless fail to state which sections of that statute their claims rely upon. Similarly, there is no "15 U.S.C. § 1681(o)," but if Plaintiffs intended to refer to 15 U.S.C. § 1681o, that statute states the amount of damages that a defendant may be liable for as a result of their violating the requirements of that subchapter. Again, Plaintiffs fail to state how this statute is applicable to Defendants' actions. They also seem to contradict the amounts of liability referenced by that statute as they seek in relevant part: "[a] jury verdict for compensatory damages of $1000 per

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT ~ 6

1  violation of 15 U.S.C. § 1681, exclusive of costs and interest that Plaintiffs are

2  found to be entitled;" and "[p]unitive/exemplary damages against Defendants in

3  whatever amount, exclusive of costs and interest, that Plaintiffs are found to be

4  entitled, up to and including nine times punitive damages . . .".  ECF No. 147-1 at

5  18-19.  The Court is unable to ascertain any basis for these amounts.

6       The Court previously determined that allowing Plaintiffs to file a Second

7  Amended Complaint would be futile and it "would unduly prejudice Defendants by

8  forcing them to continue to litigate against baseless claims."  ECF No. 145 at 12.

9  Plaintiffs' proposed Second Amended Complaint still fails to state a claim against

10  the dismissed Defendants and makes bare assertions separate from any viable

11  cause of action.

12       The Court recognizes that there are numerous other Defendants who have

13  not been dismissed from this case and two who have filed motions for summary

14  judgment.  Because Plaintiffs have been put on notice of the deficiencies of their

15  pleadings repeatedly and have been unable to remedy those deficiencies, the Court

16  finds that allowing Plaintiffs to file their proposed Second Amended Complaint

17  would be futile and would unduly prejudice Defendants at this stage in the

18  proceedings after motions for summary judgment already have been filed.

19       Accordingly, **IT IS HEREBY ORDERED THAT**:

20       1.  Plaintiffs' Motion for Reconsideration, **ECF No. 146**, is **DENIED**.

21

2. Plaintiffs' Motion for Leave of Court to File Second Amended Complaint and Jury Demand, **ECF No. 147**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel and to pro se Plaintiffs.

**DATED** this 28th day of June 2016.

*s/ Rosanna Malouf Peterson*<br>ROSANNA MALOUF PETERSON<br>United States District Judge