UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUSSELL D. ROSCO and BONNIE R. ROSCO,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>EQUIFAX INFORMATION SERVICES; AMERICREDIT; COSTCO WAREHOUSE; EXPERIAN INFORMATION SOLUTIONS; FIRST BANK MORTGAGE; LAFONTAINE TOYOTA; REGIONAL ACCEPTANCE; ADVANTAGE GROUP; TIDEWATER CREDIT; and TRANSUNION LLS,<br><br>　　　　　　Defendants. | NO:  2:15-CV-325-RMP<br><br>ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND DENYING MOTION TO STRIKE |

BEFORE THE COURT are a Motion for Summary Judgment filed by Defendant LaFontaine Toyota ("LaFontaine"), ECF No. 117, a Motion for Summary Judgment filed by Defendant Tidewater Finance Company ("Tidewater"), ECF No. 120, and LaFontaine's Motion to Strike, ECF No. 136. The Court has reviewed the motions, the record, and is fully informed.

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND DENYING MOTION TO STRIKE ~ 1

ANALYSIS

The moving party is entitled to summary judgment when there are no disputed issues of material fact when all inferences are resolved in favor of the non-moving party. *Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1467, 1471 (9th Cir. 1994); FED. R. CIV. P. 56(c). If the non-moving party lacks support for an essential element of their claim, the moving party is entitled to judgment as a matter of law regarding that claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Importantly, at the summary judgment stage, the Court does not weigh the evidence presented, but instead assumes its validity and determines whether it supports a necessary element of the claim. *Id*. To prevail at the summary judgment stage, a party must establish that a fact cannot be genuinely disputed and that the adverse party cannot produce admissible evidence to the contrary. FED. R. CIV. P. 56(c). Once the moving party has met their burden, the non-moving party must demonstrate that there is probative evidence that would allow a reasonable jury to find in their favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986).

As a preliminary matter, the Court notes that Plaintiffs filed a response, with attachments, to the reply briefs of both LaFontaine and Tidewater. *See* ECF Nos. 135-(135-2). Since these documents were filed after Defendants submitted their reply briefs, they are impermissible "sur-replies," despite Plaintiffs' argument that they were only responding to what they allege is a "change in defense strategy."

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND DENYING MOTION TO STRIKE ~ 2

ECF No. 138 at 2.[1]  However, due to Plaintiffs' pro se status, the Court will not strike the documents and has construed all of Plaintiffs' pleadings liberally.  *See Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally . . . .").

As this Court previously held in response to motions to dismiss from other defendants in this matter, Plaintiffs allege a deprivation of their rights, but fail to specify which statutes they seek to invoke beyond the statement of purpose of the Fair Credit Reporting Act, or upon which provisions of the Constitution their claims rely.  Defendants interpret Plaintiffs' claims as seemingly alleging a violation of 15 U.S.C. § 1681b(f) for the improper use or acquisition of a credit report and Plaintiffs' responses adhere to that theory.  Therefore, the Court construes Plaintiffs' First Amended Complaint as alleging that LaFontaine Toyota and Tidewater improperly accessed and used their credit reports without a permissible purpose.

Defendants cite *Godby v. Wells Fargo Bank, N.A.*, 599 F. Supp. 2d 934, 938 (S.D. Ohio 2008), for the proposition that in order to sustain a claim of improper acquisition of a credit report, a plaintiff must establish the following three elements: "(1) [t]hat there was a 'consumer report' within the meaning of the [statute]; (2) [t]hat the defendant used or obtained it; and (iii) [t]hat the defendant

---

[1] The Court addresses this argument below in analyzing the merits of this case.

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND DENYING MOTION TO STRIKE ~ 3

did so without a permissible statutory purpose." ECF Nos. 117 at 4 and 120 at 5. The statute explicitly states a number of "permissible purposes" that can justify the furnishing of a consumer report, including "[t]o a person which [any consumer reporting agency] has reason to believe-- (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to . . . the consumer . . . ." 15 U.S.C. § 1681b(a).

Both Defendants argue, and Plaintiffs admit, that Mr. Rosco signed a credit application while at LaFontaine Toyota's car dealership, which Defendants argue provided them with a permissible purpose to access Mr. Rosco's credit report.[2] The terms of the credit application signed by Plaintiff Mr. Rosco state that:

> I authorize dealer and any creditor to which dealer submits my application, together with any affiliates, agents, service providers or assignees of the dealer or creditor ("you" or "your") as follows. You may investigate my credit and employment history, obtain consumer reports on me and contact my references in connection with this application. If an account is opened for me in response to this application, I authorize you to: obtain credit reports on me for the review, update, extension or collection of my account or other legitimate business purpose related to my account; contact my references and other creditors in connection with the collection of my

---

[2] Defendants also state that Defendants never accessed Plaintiff Mrs. Rosco's credit report. *See* ECF No. 120 at 8. Plaintiffs have not responded in any meaningful way to that assertion and the Court accepts Defendants' representation as true.

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND DENYING MOTION TO STRIKE ~ 4

> account including the location of my financed or leased vehicle, and release information about your credit experience with me as permitted by law.

ECF No. 118-1 at 2.  The Court need not look any further than the text of 15 U.S.C. § 1681b to determine that this credit application explicitly granted LaFontaine Toyota permission to look into the Rosco's credit, and for Tidewater to do the same as one of LaFontaine Toyota's "affiliates, agents, service providers or assignees."

Despite the clear language of the agreement signed by Mr. Rosco, Plaintiffs focus on their assertions that they had not yet chosen a car nor reached the stage of the car-buying process when financing of a vehicle would occur.  Plaintiffs argue that "[a] key item that the Defendant is overlooking is 'to purchase a vehicle [sic].'  This is a disputed fact.  The Plaintiff has maintained along [sic] that he did not look at, test drive or select a vehicle to purchase."  ECF No. 126 at 2.  They assert that "the defendants are basing their claim that there was a purchase being made that required financing.  Thus, their dependence on this opinion is misplaced and outright inappropriate."  *Id*. at 6.  The Court understands these cryptic statements to argue that there is a disputed issue of material fact because Plaintiffs had not yet purchased a vehicle, and, therefore, Defendants had no permissible purpose to access their credit.

Plaintiffs have not cited any law that would support their argument that they must have selected a car, committed to purchasing it, and then individually

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND DENYING MOTION TO STRIKE ~ 5

solicited financing from each individual Defendant in order for the Defendants to have a permissible purpose to access Plaintiffs' credit report. In fact, Plaintiffs' own statements negate that argument and demonstrate their understanding that a credit check can be completed prior to the final steps of the car-buying process. Plaintiffs reference advice from a relative when they state that "[t]he cousin's advice was to ask the finance manager to do a preliminary credit check to garner from the finance manger [sic] the most likely financing options you might be eligible for via their financing sources." ECF No. 126 at 2. In accordance with that advice, Plaintiffs actively sought out information regarding their financing options through a preliminary credit check, a fact that is further supported by the presence of Mr. Rosco's signature on the credit application.

      The record reflects that Plaintiffs did not receive positive responses from Defendants as none of them was willing to extend credit to Plaintiffs under their requested terms. Following that negative outcome, Plaintiffs now attempt to argue that they never truly sought financing despite the explicit terms of Mr. Rosco's credit application.

      Plaintiffs' responses to the present motions, including their filed sur-replies, further establish that there is no genuine dispute regarding material facts. Plaintiffs admit that Mr. Rosco signed a credit application for purposes of determining whether they could obtain financing; they identify the cars they would have liked to buy; and they support their opposition to summary judgment with irrelevant

details regarding the car-buying process. *See e.g.*, ECF No. 126-1. At the summary judgment stage, the Court determines whether or not there is any genuine issue of material fact, "material" being the operative word. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Plaintiffs' arguments that they had not made a purchase and had not completed anything that would create a retail installment contract are irrelevant. Similarly, their citations to a guide from the Michigan Secretary of State explaining the car-buying process do nothing to vitiate the sufficiency of the credit application as providing a permissible purpose for Defendants to access Mr. Rosco's credit.

In addition to opposing Defendants' arguments, Plaintiffs request that the Court deny the motions for summary judgment or defer making a ruling until further discovery is completed because they allege that Defendants possess documents that would disprove Defendants' arguments. *See* ECF No. 127 at 1-2. They argue that:

> [i]t is these missing documents; purchase agreements in addition to the agreements between dealership and all of the financial entities defining RIC and purchase agreement, that are needed by the plaintiff to debunk the supposed purchase argument that is being propagated by the defendants. Without a purchase, there is no RIC, and thus no need to contact anyone about purchasing a RIC.

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND DENYING MOTION TO STRIKE ~ 7

*Id.*

The Court finds that none of these documents is relevant to create a genuine issue of material fact regarding whether Defendants permissibly accessed the Rosco's credit. By signing the credit application, Mr. Rosco granted the permission that he now argues did not exist. Additionally, the request to reserve ruling on Defendants' motions pending discovery that Plaintiffs argue would disclose these documents illuminates the contradictory nature of Plaintiffs' arguments. Plaintiffs argue that they never entered into a purchase agreement, but then ask the Court to allow discovery to proceed to allow them access to a purchase agreement that apparently does not exist. The Court finds no good cause to reserve ruling on Defendants' motions.

Plaintiffs attempt to analogize their claims with the underlying facts of *Andrews v. TRW, Inc.*, 225 F.3d 1063, 1067 (9th Cir. 2000), *rev'd on other grounds*, 534 U.S. 19 (2001), by stating that "[i]n the Andrews case an identity theft [sic] committed the fraud of impersonation, where as [sic] in the instant case the dealership committed the fraud that a purchase agreement had been accomplished and/or that plaintiff had chosen a vehicle to purchase." ECF No. 126 at 5. In *Andrews*, a plaintiff sought relief from those who accessed her credit report when an identity thief was applying for credit using her information. 225 F.3d 1063. Under very different circumstances, the Roscos admit to visiting a car dealership after they had an interest in a "Kia Sorrento that [Mr. Rosco's] wife

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND DENYING MOTION TO STRIKE ~ 8

1  wanted or the Kia Optima that the Plaintiff had seen in the dealership's online ad,"
2  ECF No. 126-1 at 2; they intended to follow the advice of their relative to "ask the
3  finance manager to do a preliminary credit check to garner from the finance
4  manger [sic] the most likely financing options you might be eligible for via their
5  financing sources," *id*.; and Mr. Rosco signed a credit application explicitly
6  granting Defendants and others access to his credit report.  These facts, which the
7  Court draws from Plaintiffs' admissions, are entirely distinguishable from those
8  underlying the case in *Andrews*.

9      Seemingly in recognition of the fact that Mr. Rosco signed the credit
10 application that defeats Plaintiffs' claims, Plaintiffs have expanded on their claims
11 to argue that they were fraudulently induced to sign that credit application.  In their
12 sur-reply, Plaintiffs seem to summarize their opposition to summary judgment by
13 arguing that: "[t]here are two very important factual questions that have yet to be
14 addressed by the Defendants – ((1) fraud by induction in regards to credit
15 application [sic], (2)Defendant LaFontaine fraudulently representing to third
16 parties (the 8 financial entities) that Plaintiff was purchasing a used 2014 Kia
17 Sorento."  ECF No. 135 at 2.  The second point is irrelevant considering the terms
18 of the credit application because no actual purchase was required to authorize the
19 credit search, but the Court will address Plaintiffs' first "factual question."
20 Plaintiffs argue that:
21

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND DENYING MOTION TO STRIKE ~ 9

> [t]he Plaintiffs have stated in their declarations that the credit application was signed to garner the Finance Manager's opinion in regards to which vehicle (Kia Sorento or Kia Optima) would be the best option for the Rosco's [sic]. Any purpose suggested by any of the defendants other than the direct inquiry by the dealership would be impermissible purpose [sic]. The discussion with the salesperson was the credit application would only be seen by employees of the dealership and not by any other financial entity; any other use of the document is fraudulent.

ECF No. 135 at 3.

Plaintiffs cannot create a genuine issue of material fact by making bare, unsupported claims that a salesperson induced Mr. Rosco to sign a document by telling him that the dealership would not do what the credit application explicitly allowed. Plaintiff signed the credit application in an attempt to seek out financing options and now sues Defendants for acting on his request by researching the viability of different options.

Plaintiffs continue by arguing:

> [i]n conclusion, there are disputed facts; (1) was there a purchase pending and thus a permissive purpose for financial entities to look at Plaintiff's credit or did Defendant LaFontiane [sic] fraudulently represent that Plaintiffs were purchasing a used 2014 Kia Sorento [sic], (2) was there fraud in the inducement to garner Plaintiff's signature on the credit application, and thus the credit application is voidable [sic]. The credit application before us may lend support to the defense and render the Plaintiff's task of establishing its claim more difficult, but it should not be held to bar institution of an action for fraud.

*Id*. at 8. Plaintiffs' first "disputed fact" is not "material" and the second allegation is wholly unsupported.

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND DENYING MOTION TO STRIKE ~ 10

Plaintiffs' bare allegations of "fraud in the inducement" lack factual support and are contrary to the facts established by the record in this case. In response to LaFontaine's motion to strike Plaintiffs' sur-replies, ECF No. 136, Plaintiffs explained their delay in alleging "fraud in the inducement" by arguing that they had to further develop their story "when Defendants decided to change their focus of their primary permissive purpose argument from a vehicle purchase to signing of a credit application." ECF No. 138 at 3. They fail to recognize that by his own admission, Mr. Rosco's signing of a credit application was an attempt to seek information about the possibility of financing for the purchase of a vehicle. The fact that a purchase was never completed does not vitiate the same permissible purpose that he granted to Defendants with his signature. Contrary to Plaintiffs' assertions, Defendants' arguments are consistent: they had written permission and a permissible purpose to obtain Mr. Rosco's credit report. Plaintiffs fail to create a genuine issue of material fact as their various assertions are either irrelevant or unsupported.

Throughout this litigation, the Court has given substantial consideration to Plaintiffs' status as pro se litigants despite the vague and contradictory nature of their claims. However, Plaintiffs' claims against LaFontaine Toyota and Tidewater do not survive summary judgment based only on Plaintiffs' bare, conclusory allegations.

/ / /

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND DENYING MOTION TO STRIKE ~ 11

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. LaFontaine Toyota's Motion for Summary Judgment, **ECF No. 117**, is **GRANTED**.

2. Tidewater Finance Company's Motion for Summary Judgment, **ECF No. 120**, is **GRANTED**.

3. LaFontaine's Toyota's Motion to Strike, **ECF No. 136**, is **DENIED**.

4. LaFontaine Toyota and Tidewater Finance Company are **DISMISSED** as defendants **WITH PREJUDICE**.

The District Court Clerk is directed to enter this Order and provide copies to counsel and pro se parties and to **terminate LaFontaine Toyota and Tidewater Finance Company as defendants in this matter.**

**DATED** this 5th day of July 2016.

                                        *s/ Rosanna Malouf Peterson*
                                    ROSANNA MALOUF PETERSON
                                      United States District Judge