FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 07, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUSSELL D. ROSCO and BONNIE R. ROSCO,<br><br>                   Plaintiffs,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS; FIRST BANK MORTGAGE; and ADVANTAGE GROUP,<br><br>                   Defendants. | NO:  2:15-CV-325-RMP<br><br>ORDER GRANTING EXPERIAN'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO TAKE JUDICIAL NOTICE AND DENYING EXPERIAN'S MOTION TO STRIKE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION EXHIBIT A |

BEFORE THE COURT are a Motion for Summary Judgment filed by Defendant Experian, ECF No. 249, a Motion to Take Judicial Notice of Experian's Motion for Summary Judgment with Exhibits, ECF No. 253, and Experian's Motion to Strike Plaintiff's Memorandum in Opposition to Motion Exhibit A, ECF No. 257.  The Court has reviewed the motions, the record, and is fully informed.

ORDER GRANTING EXPERIAN'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO TAKE JUDICIAL NOTICE AND DENYING EXPERIAN'S MOTION TO STRIKE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION EXHIBIT A ~ 1

**BACKGROUND**

As this Court previously held in response to motions to dismiss from other defendants in this matter, Plaintiffs allege a deprivation of their rights, but fail to specify which statutes they seek to invoke beyond the statement of purpose of the Fair Credit Reporting Act (FRCA), or upon which provisions of the Constitution their claims rely. Experian interprets Plaintiffs' claims as seemingly alleging a violation of 15 U.S.C. §1681e(b) by "'providing false or misleading reports' concerning [Plaintiffs'] First Bank Mortgage and The Advantage Group accounts" and alleging a violation of 15 U.S.C. § 1681e(a) by allowing impermissible access to Plaintiffs' credit information. ECF No. 249 at 2; *see* ECF No. 1 at 5-10. Plaintiffs' response does not dispute Experian's interpretation. *See* ECF No. 256. Therefore, the Court construes Plaintiffs' First Amended Complaint as alleging that Experian provided false information and improperly allowed access to Plaintiffs' credit reports without a permissible purpose.

Experian argues that summary judgment for Experian is proper on several bases: (1) Plaintiffs lack standing to bring their claims; (2) Plaintiffs' claims fail for lack of factual accuracy; (3) Plaintiffs' claim that Experian provided Plaintiffs' credit information for an impermissible purpose fails as a matter of law; and (4) Plaintiffs have failed to provide support for their claims regarding statutory and punitive damages. ECF No. 249 at 2-4.

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as a civil action arising under the laws of the United States because Plaintiffs allege violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681.

The motions before the Court involve Plaintiffs, a husband and wife, and the consumer reporting agency, Experian. Plaintiffs had a mortgage for a house, which was sold by short sale in 2013. ECF No. 251 at 10. Plaintiffs then proceeded with a Chapter 7 bankruptcy. *Id.* at 10-11. Experian maintained reports of Plaintiffs' credit information throughout the two years preceding Plaintiffs' filing of the present lawsuit. ECF No. 252 at 9-10. Plaintiffs have disputed Experian's report information regarding two creditors: First Bank Mortgage and The Advantage Group. ECF No. 1. Plaintiffs argue that Experian inaccurately reported the credit information related to these two creditors and that Experian impermissibly provided Plaintiffs' credit information to third parties. *Id.* Experian contends that it accurately reported Plaintiffs' credit information, did not impermissibly provide Plaintiffs' credit information to third parties, and maintains reasonable procedures to assure the accurate and permissible reporting of consumer credit information. ECF No. 249.

## DISCUSSION

As a threshold matter, the Court will consider Plaintiffs' standing to bring these FCRA claims against Experian. After determining whether Plaintiffs have standing, the Court will consider whether summary judgment is proper. First, the Court will address Plaintiffs' allegations against Experian concerning violations of 15 U.S.C. § 1681e(b). Second, the Court will address Plaintiffs' allegations against Experian concerning violations of 15 U.S.C. § 1681e(a). Finally, the Court will consider whether Plaintiffs have provided support for their claims regarding statutory and punitive damages sufficient to satisfy the requirements of the FCRA.

### *Plaintiffs' Standing to Bring Claims*

Experian argues that Plaintiffs' Complaint fails to allege any actual harm and that, consequently, Plaintiffs lack standing to pursue their FCRA claims. *Id.* at ECF No. 249 at 18-21. Plaintiffs argue that allegedly inaccurate Experian credit reports have harmed their ability to secure a home mortgage loan and resulted in emotional damages. ECF No. 256 at 1-2.

Standing is based on Article III requirements and must be met before a plaintiff can proceed on a case. Elements of standing include:

> (1) the plaintiff has suffered an injury in fact, i.e., an invasion of a judicially cognizable interest which is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of, i.e., the injury must be fairly traceable to the challenged action of the

defendant, and not the result of the independent action of some third party not before the court; and (3) it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the E. Lake Sammamish Trail v. City of Sammamish*, 361 F. Supp. 2d 1260 (W.D. Wash. 2005) (citing *Bennett v. Spear*, 520 U.S. 154, 167, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997)). "Injury in fact is a constitutional requirement, and it is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo, Inc. v. Robins (Spokeo I)*, 136 S. Ct. 1540, 1548 (2016) (internal quotations omitted).

In *Spokeo I*, the plaintiff alleged that his job prospects had been harmed by misleading information contained in his credit report in violation of the same provision of the FCRA at issue in this matter, 15 U.S.C. § 1681e(b). *Id.* On remand, the Ninth Circuit noted that while a plaintiff "may not show an injury-in-fact merely by pointing to a statutory cause of action, the Supreme Court also recognized that some statutory violations, alone, do establish concrete harm." *Robins v. Spokeo (Spokeo II)*, 867 F.3d 1108, 1113 (9th Cir. 2017).

To evaluate the statutory claim of harm, the court asks "(1) whether the statutory provisions at issue were established to protect [a plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the

specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Id.*

Considering the first requirement of this two-prong analysis, the Ninth Circuit concluded that the FCRA's procedural requirements were established to protect concrete reputational and privacy interests. *Id.* at 1113-15. It further found that the "second requirement makes clear that, in many instances, a plaintiff will not be able to show a concrete injury simply by alleging that a consumer-reporting agency failed to comply with one of [the] FCRA's procedures." *Id.* at 1115-16.

In *Spokeo I*, the Supreme Court "explicitly rejected the notion that every minor inaccuracy reported in violation 'will cause [real] harm or present any material risk of [real] harm.'" *Id.* at 1116 (quoting *Spokeo I*, 136 S.Ct. at 1550). The *Spokeo II* court found that plaintiff sufficiently alleged that he suffered a concrete injury for the purposes of establishing standing when he argued that the inaccurate information contained in his credit report harmed his employment prospects "by misrepresenting facts that would be relevant to employers" and that he suffered anxiety and concern as a result.. *Id.* at 1117.

Experian argues that in this case Plaintiffs failed to allege any actual harm suffered as a result of Experian's alleged FCRA violations. ECF No. 249 at 20. Experian argues that Plaintiffs have not alleged a specific or cognizable injury resulting from Experian's alleged inaccuracy on Russell Rosco's credit report

ORDER GRANTING EXPERIAN'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO TAKE JUDICIAL NOTICE AND DENYING EXPERIAN'S MOTION TO STRIKE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION EXHIBIT A ~ 6

sufficient to grant standing. ECF No. 259 at 9-10. Experian states that Plaintiffs have failed to cite any evidence that Experian's allegedly inaccurate reporting was the direct cause of any credit denial. *Id.*

Plaintiffs contend that Experian's reports regarding Plaintiffs' credit have harmed Plaintiffs' prospects of being approved for a mortgage loan.[1] ECF No. 256 at 1. Plaintiffs assert that "Plaintiffs face the inability to garner a loan for a house because of the false statement that Plaintiffs have a listed a [sic] prior house loan as

---

[1] Plaintiffs provide a declaration by a third party stating that Experian's report that Plaintiff Russell Rosco's First Bank account had been discharged in Chapter 13 bankruptcy "is more damaging to a consumer" than a report of a Chapter 7 bankruptcy. ECF No. 256-1 at 2. Experian moves to strike this declaration, arguing that Plaintiffs failed to disclose the witness who provided the declaration as an expert witness, the witness's statement was not based on personal knowledge, and the witness's statement contains inadmissible hearsay. ECF No. 257. The Court realizes that the third party declaration arguably fails to meet the requirements of Fed. R. Evid. 602, 701, or 702. However, in deference to Plaintiffs' *pro se* status, the Court will not strike the declaration, but gives it little weight considering that there is no foundation provided to evaluate the credibility of declarant's statements.

a Chapter 13 bankruptcy." *Id.* at 3. Plaintiffs have not alleged any other specific inaccuracies in their pleadings but claim that Experian's reporting has caused Plaintiffs to "waste" income on rent payments and to experience "emotional damages of having 4 adults living in a two-bedroom apartment attached to a funeral home." *Id.* at 1-2.

Approval for a home mortgage loan is not guaranteed for any applicant. Lenders consider a number of factors before deciding to lend capital to mortgage applicants. However, inconsistent credit information may affect an applicant's likelihood of securing a home mortgage loan, creating a concrete and particularized injury in the same way that an inaccurate credit report may affect an applicant's likelihood of securing employment. *See Spokeo II*, 867 F.3d at 1117-18. Plaintiffs have alleged that Experian inaccurately reported information about Plaintiffs and that this allegedly inaccurate credit report has injured Plaintiffs' mortgage loan prospects. Therefore, the Court finds that Plaintiffs have alleged a sufficiently concrete and particularized injury to establish standing to maintain these FCRA claims against Experian.

***Legal Standard for Summary Judgment***

A court may grant summary judgment where "there is no genuine dispute as to any material fact" of a party's prima facie case, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-33 (1986);

*see also* Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). "A key purpose of summary judgment 'is to isolate and dispose of factually unsupported claims.'" *Id.* (citing *Celotex*, 477 U.S at 324).

The moving party bears the burden of showing the absence of a genuine issue of material fact, or in the alternative, the moving party may discharge this burden by showing that there is an absence of evidence. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *See id.* at 324. The nonmoving party "may not rest on mere allegations, but must by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file designate specific facts showing that there is a genuine issue for trial." *Id.* The Court will not infer evidence that does not exist in the record. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990) (court will not presume missing facts). However, the Court will "view the evidence in the light most favorable" to the nonmoving party. *Newmaker v. City of Fortuna*, 842 F.3d 1108, 1111 (9th Cir. 2016). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

*Factual Accuracy of Plaintiffs' Credit Information: § 1681e(b) Claims*

Plaintiffs allege that Experian provided false and misleading reports concerning Plaintiffs' First Bank Mortgage and The Advantage Group to third parties. ECF No. 1 at 7-8. Experian argues that it accurately reported Plaintiffs' First Bank and Advantage account information, and that it maintained reasonable procedures to maintain accuracy in its reporting and states that Plaintiffs have alleged no facts to support their claims. ECF No. 249 at 6, 11, 14.

The Fair Credit Reporting Act (FCRA) requires consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a prima facie case under § 1681e(b), a plaintiff must show that there were inaccuracies in his or her credit report. *Guimond v. TransUnion Credit Info. Co.*, 45 F.3d 1329, 1334 (9th Cir. 1995). The court then considers whether the credit reporting agency is liable under § 1681e(b). *Id.* "The FCRA does not impose strict liability . . . [A]n agency can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures." *Id.* at 1333.

**First Bank Mortgage Loan Account Reports**

Experian argues that Plaintiffs' allegations of false or misleading reports concerning the First Bank mortgage loan accounts ("First Bank accounts") are

ORDER GRANTING EXPERIAN'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO TAKE JUDICIAL NOTICE AND DENYING EXPERIAN'S MOTION TO STRIKE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION EXHIBIT A ~ 10

baseless, because Experian accurately reported Plaintiffs' First Bank accounts. ECF No. 249 at 8. Experian states that Plaintiffs each held two First Bank mortgage loan accounts that were resolved via short sale. *Id.* at 8 (citing ECF No. 250 at 4). Experian contends that it reported the First Bank short sale with a status of "Settled" and with the comment "Account paid in full for less than full balance." *Id.* at 9. Experian argues that these terms are "established, uniformly accepted terms describing short sales." *Id.* Therefore, Experian argues that this report accurately reflected the short sale of the First Bank accounts. *Id.* Plaintiffs submitted no evidence that contradicts Experian's arguments.

Experian states that other obligations associated with the First Bank accounts were discharged in Plaintiffs' Chapter 7 bankruptcy. *Id.* at 10. At the request of Plaintiffs, Experian updated the First Bank accounts reports so that the status indicated that the accounts had been "discharged in bankruptcy." *Id.* Experian states that "Plaintiff Bonnie Rosco's First Bank accounts were updated to report that they were discharged in Chapter 7 Bankruptcy, while Plaintiff Russell Rosco's account was updated to report that it was discharged in Chapter 13 Bankruptcy." *Id.* at 10 n.1.

In their response, Plaintiffs do not dispute Experian's statement of the facts or Experian's arguments with regards to Plaintiff Bonnie Rosco's First Bank accounts report. Therefore, the Court finds that Plaintiffs have failed to establish a

ORDER GRANTING EXPERIAN'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO TAKE JUDICIAL NOTICE AND DENYING EXPERIAN'S MOTION TO STRIKE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION EXHIBIT A ~ 11

genuine issue of material fact as to whether Experian provided false or misleading information about Plaintiff Bonnie Rosco's First Bank accounts to third parties. Summary judgment is proper as to Plaintiffs' claims against Experian regarding Plaintiff Bonnie Rosco's First Bank accounts reports.

Plaintiffs argue, however, that Plaintiffs have never filed a Chapter 13 bankruptcy and assert that Experian's report on Plaintiff Russell Rosco's First Bank accounts is therefore a "false statement." ECF No. 259 at 2. Experian does not dispute that Plaintiffs have not proceeded with a Chapter 13 bankruptcy. The Court finds that, with regards to Plaintiff Russell Rosco's First Bank accounts, Experian inaccurately reported that his First Bank mortgage loan had been discharged in a Chapter 13 bankruptcy.

Because a finding of inaccuracy alone is insufficient to support liability, *see Guimond*, 45 F.3d at 1333-34, the Court next considers whether Experian has established that it maintained reasonable procedures to maintain accuracy in its reporting with regards to Plaintiff Russell Rosco's First Bank accounts.

Experian contends that it maintains reasonable procedures to assure accurate reporting. *Id.* at 19. It states that it promptly responded to Plaintiffs' letters of dispute and initiated several reinvestigations of Plaintiffs' credit reports. *Id.* In their response, Plaintiffs failed to present any arguments or evidence that Experian

does not, in fact, maintain reasonable procedures to assure accurate reporting. *See* ECF No. 256.

Plaintiffs have provided no evidence that Experian has failed to establish that it maintained reasonable procedures to assure accuracy. The Court will not assume facts or arguments not in the record, nor will it impose strict liability on Experian for the inaccurate reference of a Chapter 13 bankruptcy rather than a Chapter 7 bankruptcy regarding Plaintiff Russell Rosco's First Bank accounts.

The Court finds that Plaintiffs have failed to create a genuine issue of material fact or support their prima facie case regarding whether Experian maintained reasonable procedures to assure the accuracy of reporting Plaintiff Russell Rosco's First Bank accounts. Therefore, summary judgment is proper.

**The Advantage Group Account Reports**

Plaintiffs allege that Experian inaccurately reported the Advantage accounts on both their reports. Experian argues that all collection accounts associated with The Advantage Group ("Advantage") were accurately reported following Plaintiffs' bankruptcy discharge. ECF No. 249 at 11.

Plaintiffs initially disputed the information related to Advantage contained in Experian's credit report, stating that the accounts did not belong to Plaintiffs. ECF No. 252 at 48. Plaintiffs subsequently have stated that Plaintiffs discharged the

Advantage account debts as part of their Chapter 7 bankruptcy in 2013. ECF No. 251 at 17.

Experian does not dispute that Plaintiffs included "The Advantage Group" in its Chapter 7 bankruptcy petition. ECF No. 249 at 11. Experian states that following Plaintiffs' bankruptcy, Experian accurately reported that the Advantage accounts were "Discharged through Bankruptcy Chapter 7" in the reports of both Plaintiff Bonnie Rosco and Plaintiff Russell Rosco. ECF No. 249 at 12.

When Plaintiffs disputed the Advantage account information reflected in their credit reports, Experian reinvestigated the accounts with the data furnisher. *Id.* at 12-13. As a result of the reinvestigations, and at the request of the data furnisher, Experian completely removed the information related to Plaintiffs' Advantage accounts from Experian's credit reports for both Plaintiffs. *Id.* at 13. Plaintiffs fail to assert any additional arguments or evidence related to their Advantage allegations in response to Experian's Motion for Summary Judgment.

Experian further argues that even if the reports were inaccurate, it did not inaccurately report Plaintiffs' credit information during the year preceding Plaintiffs' filing of this lawsuit, which Experian argues is the relevant time period specified in the Complaint. ECF No. 249 at 13. The statute of limitations for FCRA claims is the earlier of "2 years after the date of discovery by the plaintiff

ORDER GRANTING EXPERIAN'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO TAKE JUDICIAL NOTICE AND DENYING EXPERIAN'S MOTION TO STRIKE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION EXHIBIT A ~ 14

of the violation that is the basis for [] liability" or "5 years after the date on which the violation that is the basis for [] liability occurs." 15 U.S.C. § 1681p.

Experian states that it removed the records of the Advantage accounts from Plaintiffs' credit reports as of August 2014. ECF No. 249 at 13. Plaintiffs filed their Complaint commencing this lawsuit on November 25, 2015, over a year after Experian removed the Advantage account information from Plaintiffs' credit reports. *See* ECF No. 1. The Complaint alleges that Experian violated the FCRA "during the one year period preceding this lawsuit" for Plaintiff Russell Rosco's claims regarding false or misleading information and "during the two year period preceding this lawsuit" for Plaintiff Bonnie Rosco's parallel claims. *Id.* at 7-8. The Court finds that Experian reported credit information about Plaintiffs' Advantage accounts within the statutory period and therefore Plaintiffs filed their complaint within the statute of limitations.

Nevertheless, considering the facts in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have failed to establish the existence of a genuine issue of material fact as to the allegedly false or misleading nature of Experian's reports regarding Plaintiffs' Advantage accounts and have failed to provide evidence to support their prima facie case that Experian's reports were false or misleading and that Experian failed to maintain reasonable procedures to assure the accuracy of reporting. Therefore, the Court finds that summary judgment is proper

and dismisses with prejudice Plaintiffs' claims against Experian arising under 15 U.S.C. 1681e(b).

*Impermissible Purpose: § 1681e(a) Claims*

Plaintiffs allege that Experian allowed impermissible third party access to Plaintiffs' First Bank Mortgage and Advantage credit information via "soft inquiries." ECF No. 1 at 5-6. Experian argues that it did not provide Plaintiffs' credit information to third parties for an impermissible purpose under the FCRA. ECF No. 249 at 14. Experian further argues that Plaintiffs have not supported their allegations with any evidence. *Id.*

The FCRA permits consumer reporting agencies to furnish consumer reports under specific circumstances and subject to specific conditions. 15 U.S.C. § 1681b; 15 U.S.C. § 1681e(a). Consumer reporting agencies must observe reasonable procedures to limit the issuance of consumer reports to the statutorily-defined permissible purposes. § 1681e(a). "To qualify under § 1681b(a), the 'credit transaction' must both (1) be 'a credit transaction involving the consumer on whom the information is to be furnished' and (2) involve 'the extension of credit to, or review or collection of an account of, the consumer.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2010). To establish a claim that a defendant credit reporting agency has violated § 1681b, a plaintiff must show that (1) the defendant maintained a consumer credit report and (2) provided the credit

report to a third party without (3) a permissible purpose under § 1681b. *See id.* The Court then considers whether the defendant has established that it maintains reasonable procedures to limit the furnishing of consumer reports to the purposes listed under § 1681b. *See* § 1681e(a); *see also Guimond*, 45 F.3d at 1333-34 (noting that the FCRA does not impose strict liability and that an agency may avoid liability by establishing that it maintains reasonable procedures).

For example, consumer consent is only required for consumer reports issued for employment purposes. § 1681b(b); § 1681a(h). Regardless of the application of any other permissible purpose, requesting a report with a consumer's consent qualifies as its own permissible purpose. § 1681b(a)(2). Additionally, "the FCRA permits prescreening—the disclosure of consumer reports for target marketing for credit and insurance. . . ." *Trans Union LLC v. FTC*, 536 U.S. 915, 917 (2002) (citing 15 U.S.C. § 1681b(c)(1)(B)(i)). Another permissible purpose exists when an entity requesting a consumer's report "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681B(a)(3)(A); *see Russell v. RJM Acquisitions*, 2014 U.S. Dist. LEXIS 54383, *8 (S.D. Cal. Apr. 17, 2014).

ORDER GRANTING EXPERIAN'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO TAKE JUDICIAL NOTICE AND DENYING EXPERIAN'S MOTION TO STRIKE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION EXHIBIT A ~ 17

Experian contends that it has not violated § 1681e(a) and that Plaintiffs have not provided evidence or arguments to support their allegations that Experian impermissibly provided Plaintiffs' credit information to third parties in violation of § 1681b. ECF No. 249 at 14. Experian argues that Plaintiffs incorrectly construe the FCRA and that Plaintiffs have not identified any entity that impermissibly accessed Experian's reports of Plaintiffs' credit information. ECF No. 249 at 17.

Plaintiffs do not respond to Experian's arguments. *See* ECF No. 256. Plaintiffs' Complaint alleges that Experian allowed impermissible access to Plaintiffs' credit reports "via soft inquires [sic] based on false information reported by First Bank Mortgage and The Advantage Group." ECF No. 1 at 5-6. "Soft inquiries" let a debtor know that a creditor has sought contact information, but soft inquiries are not seen by potential creditors reviewing the debtor's credit history, and they are not used in the calculation of the consumer's credit score. *Russell*, 2014 U.S. Dist. LEXIS 54383, at *3.

The parties do not dispute that Experian maintained consumer credit reports for both Plaintiffs. Plaintiffs assert that Experian provided Plaintiffs' credit information to third parties without Plaintiffs' permission, but Plaintiffs fail to identify any specific third parties that viewed Experian credit reports for Plaintiffs. ECF No. 251 at 15. Nor do Plaintiffs identify any specific impermissible purpose for which Experian allegedly furnished a report.

ORDER GRANTING EXPERIAN'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO TAKE JUDICIAL NOTICE AND DENYING EXPERIAN'S MOTION TO STRIKE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION EXHIBIT A ~ 18

Plaintiffs' claims against Experian do not survive summary judgment based only on Plaintiffs' bare, conclusory allegations. The Court finds that Plaintiffs have failed to create a genuine issue of material fact or support their prima facie case with evidence as to whether Experian provided Plaintiffs' credit information to a third party for an impermissible purpose. Summary judgment is therefore proper, and Plaintiffs' claims under 15 U.S.C. § 1681e(a) are dismissed with prejudice.

### *Claims for Statutory and Punitive Damages*

Plaintiffs seek statutory and punitive damages for Experian's alleged violations of the FCRA. ECF No. 1 at 10-11. Experian, citing 15 U.S.C. § 1681n, argues that Plaintiffs' claims for statutory and punitive damages fail because Plaintiffs have failed to show that Experian willfully violated the FCRA. ECF No. 249 at 18.

Section 1681n provides that any person who "willfully" fails to comply with the requirements established under the FCRA may be liable for actual or statutory damages, as well as punitive damages. *Id.*; *see Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007). The FCRA also provides that any person who negligently fails to comply with an FCRA requirement may be liable for "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681o; *see also Safeco Ins. Co. of Am.*, 551 U.S. at 53.

ORDER GRANTING EXPERIAN'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO TAKE JUDICIAL NOTICE AND DENYING EXPERIAN'S MOTION TO STRIKE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION EXHIBIT A ~ 19

Because the Court has found that Experian has not failed to comply with FCRA requirements, and that Plaintiffs' claims against Experian fail to survive summary judgment, the Court does not need to reach the questions of whether Experian willfully or negligently violated the FCRA or whether Plaintiffs have sustained any actual damages.

Accordingly, **IT IS HEREBY ORDERED:**

1. Experian's Motion for Summary Judgment, **ECF No. 249**, and Motion to Take Notice, **ECF No. 253**, are **GRANTED**.

2. Experian's Motion to Strike Memorandum in Opposition Exhibit A, **ECF No. 257**, is **DENIED**.

3. All other pending motions between Plaintiffs and Experian, if any, are **DENIED AS MOOT**.

The District Court Clerk is directed to enter this Order, enter Judgment for Defendant Experian, and provide copies of this Order to counsel and to *pro se* Plaintiffs.

**DATED** December 7, 2017.

                           *s/ Rosanna Malouf Peterson*
                          ROSANNA MALOUF PETERSON
                               United States District Judge

ORDER GRANTING EXPERIAN'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO TAKE JUDICIAL NOTICE AND DENYING EXPERIAN'S MOTION TO STRIKE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION EXHIBIT A ~ 20