FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 01, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUSSELL D. ROSCO and BONNIE R. ROSCO,<br><br>      Plaintiffs,<br><br> v.<br><br>EXPERIAN INFORMATION SOLUTIONS; FIRST BANK MORTGAGE; and ADVANTAGE GROUP,<br><br>      Defendants. | NO: 2:15-CV-325-RMP<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER |

BEFORE THE COURT is Plaintiffs' Objection to Motion for an Order Confirming the Award or in the Alternative to Stay Execution of Judgment Pending Closing of Federal Case, ECF No. 282. Plaintiffs seek relief from Defendant TransUnion's execution of judgment pending the full disposition of this matter in a Washington state court. The Court construes Plaintiffs' motion as a motion for a protective order. The Court has reviewed the pleadings and the record and is fully informed.

ORDER DENYING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER ~ 1

## BACKGROUND

Plaintiffs Bonnie and Russell Rosco ("Plaintiffs") initiated this lawsuit against Defendant TransUnion and a number of other defendants in 2015 alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. *See* ECF No. 1 at 3. The Court has previously detailed the extensive procedural history of this action in its prior orders and will not repeat that history in this order. *See, e.g.*, ECF No. 276.

Plaintiffs and TransUnion reached a settlement agreement in June 2016, and the Court subsequently issued an Order Granting TransUnion's Motion to Enforce the Settlement Agreement, ECF No. 186. TransUnion then moved for attorney's fees and costs. *See* ECF No. 188. The Court issued a judgment in favor of TransUnion against Plaintiffs in the amount of $6,862.40 for attorney's fees and costs. *See* ECF Nos. 217, 218.

Before the Court adjudicated Plaintiffs' remaining claims against other defendants in this matter, Plaintiffs filed a notice of appeal regarding the Court's judgment in favor of TransUnion against Plaintiffs. *See* ECF Nos. 230 and 232. The Ninth Circuit dismissed Plaintiffs' appeal for lack of jurisdiction. ECF No. 275.

Following the Ninth Circuit's dismissal of Plaintiffs' appeal, in the process of issuing another judgment in this matter, the case was mistakenly closed on December 7, 2017, but was reopened the same day. *See* ECF No. 277. Perhaps

ORDER DENYING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER ~ 2

unaware that the case had been reopened on December 7, 2017, Plaintiffs filed a Motion to Reopen the Case, ECF No. 280, on January 6, 2018, which the Court denied as moot, ECF No. 281.

On January 23, 2018, TransUnion initiated enforcement proceedings in the Okanogan Superior Court, a Washington state court, to execute the judgment awarding attorney's fees and costs to TransUnion, ECF No. 218. *See* ECF No. 282-1. Plaintiffs filed the present motion, requesting this Court deny TransUnion's state court motion to confirm the award or, in the alternative, stay the execution of the judgment pending the closing of the case and Plaintiffs' appeal. ECF No. 282.

## DISCUSSION

### *Legal Standard for Denying a Motion in a State Court Action*

Plaintiffs move this Court to deny TransUnion's motion to confirm the award against Plaintiffs in a Washington state court. *See* ECF No. 282. TransUnion filed its foreign judgment in the Okanogan County Superior Court of Washington, ECF No. 282-1, and, consequently, the Court does not have jurisdiction to make a ruling in the state court matter.

However, the Court generally construes *pro se* pleadings liberally. *See Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003). Therefore, the Court construes Plaintiffs' motion as a request for an injunction of the state court proceeding.

*Legal Standard for Staying the Enforcement of a Judgment*

Plaintiffs move this Court to enjoin the state court, staying the execution of the judgment in favor of TransUnion against Plaintiffs. *See* ECF No. 282.

The principle of federalism discourages federal courts from intervening in state court cases. *See Younger v. Harris*, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."). The federal Anti-Injunction Act, 28 U.S.C. § 2283, states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The principles of equity, comity, and federalism restrain a federal court when it is asked to enjoin a state court proceeding. *See Mitchum v. Foster*, 407 U.S. 225, 243 (1972).

Pursuant to Federal Rule of Civil Procedure 62(a), in most cases, a district court's judgment is automatically stayed for 14 days following its entry. A federal court may stay the execution of a judgment under certain circumstances: (1) pending the disposition of specific motions; (2) by supersedeas bond if an appeal is taken, or (3) in favor of a judgment debtor when the judgment is a lien on the judgment debtor's property and a stay of execution would be granted under state law. *See* Fed. R. Civ. P. 62(b), (d), (f). Rule 62 further states that "[a] court may stay the enforcement of a final judgment entered under [Federal Rule of Civil

ORDER DENYING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER ~ 4

Procedure] 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered." Fed. R. Civ. P. 62(h). Rule 54(b) pertains to judgment on multiple claims or involving multiple parties. *See* Fed. R. Civ. P. 54(b) (stating that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, parties").

The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). If a court does not stay the enforcement of a final judgment in any of these circumstances, at the expiration of the automatic stay prescribed by Rule 62(a), "a prevailing plaintiff is entitled to execute upon a judgment." *Columbia Pictures Indus. V. Krypton Broad. Of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001). "The judgment by which a court ends a cause does not hang in limbo pending appeal." *United States v. Verlinksy*, 459 F.2d 1085, 1089 (5th Cir. 1972).

Furthermore, Federal Rule of Civil Procedure 69 states that "[t]he procedures on execution . . . must accord with the procedure of the state where the court is located." Washington state law provides the superior court in which the foreign judgment has been registered may stay the foreign judgment if an appeal is pending or will be taken, if a stay of execution has been granted, or upon any

ORDER DENYING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER ~ 5

ground upon which enforcement of a state superior court judgment would be stayed. *See* RCW 6.36.045(1)(a). "Foreign judgment" means "any judgment, decree or order of a court of the United States or of any state or territory which is entitled to full faith and credit in this state." RCW 6.36.010.

Here, the Court expressly entered a final judgment in favor of TransUnion against Plaintiffs. *See* ECF No. 218. The Court did not stay the enforcement of its final judgment as to TransUnion. TransUnion could have moved to execute this Court's judgment at any time after May 16, 2017, when the 14-day automatic stay expired. *See* Fed. R. Civ. P. 62(a). TransUnion waited until January 23, 2018, to execute this Court's judgment. *See* ECF No. 282-1. Plaintiffs also had ample time to move for a stay, either related to their notice of appeal or pursuant to Rule 62(h). Plaintiffs previously failed to so move.

Plaintiffs only now move the Court to stay the enforcement of its final judgment in favor of TransUnion, after TransUnion initiated enforcement proceedings. *See* ECF No. 282; ECF No. 282-1. In support of their untimely motion, Plaintiffs argue that the case has not yet been closed and that TransUnion is aware that Plaintiffs "desire to appeal the judgment." *Id.* at 1. Plaintiffs cite Federal Rule of Appellate Procedure 8, which states in relevant part: "A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal; [or] (B) approval of a supersedeas bond." ECF No. 284 at 1 (quoting Fed. R. App. P. 8(a)(1)).

TransUnion objects to a stay. *See* ECF No. 283. TransUnion argues that this Court does not have jurisdiction over the Washington State Court proceeding, and that if the Court did grant Plaintiffs' motion for a stay, the Federal Rules of Civil Procedure require the Court to ensure that the judgment creditor's position is secured by a bond. *Id.* at 3. TransUnion states that "[b]ecause Plaintiffs have not posted bond nor sought the Court's required approval of the same, Plaintiffs are not entitled to a stay." *Id.*

Although the Court has discretion in deciding whether to grant a stay, *see Clinton*, 520 U.S. at 706, the Court finds that a stay is not justified in this case because Plaintiffs have delayed unreasonably in moving this Court for a stay of the execution of the judgment against Plaintiffs. Therefore, the Court denies Plaintiffs' motion seeking a stay of the execution of judgment in Washington state court.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Objection to Motion for an Order Confirming the Award or in the Alternative to Stay Execution of Judgment Pending Closing of Federal Case, **ECF No. 282**, construed by this Court as a Motion for a Protective Order, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to counsel and to pro se Plaintiffs.

**DATED** May 1, 2018.    *s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER ~ 7