FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 20, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUSSELL D. ROSCO and BONNIE R. ROSCO,<br><br>       Plaintiffs,<br><br> v.<br><br>ADVANTAGE GROUP,<br><br>       Defendant. | NO: 2:15-CV-325-RMP<br><br>ORDER GRANTING DEFAULT JUDGMENT |

BEFORE THE COURT is *pro se* Plaintiffs' Motion for Default Judgment, ECF No. 296. Plaintiffs Russel D. Rosco and Bonnie R. Rosco move for default judgment against Defendant Advantage Group, LLC. When first considering this motion, the Court ordered Plaintiffs to produce evidence that they properly served Advantage Group. ECF No. 297. Thereafter, Plaintiffs filed proof of service. ECF No. 298. The Court has considered the briefing and the record, and is fully informed.

ORDER GRANTING DEFAULT JUDGMENT ~ 1

**BACKGROUND**

Plaintiffs filed their complaint in this case on November 25, 2015. ECF No. 1. In their complaint, Plaintiffs alleged that Advantage Group violated the Fair Credit Reporting Act ("FCRA") by providing false or misleading credit reports to third parties seeking Plaintiffs' credit information. *Id.* at 9–10. Having never received a response from Advantage Group, Plaintiffs moved for an entry of default against Advantage Group on January 16, 2016, and the District Court Clerk entered the default that same day. ECF No. 94.

Plaintiffs moved for default judgment against Advantage Group on December 12, 2018. ECF No. 296. They alleged that Advantage Group violated the FCRA on nine separate occasions by unlawfully reporting Plaintiffs' credit accounts to third parties. *Id.* at 2. Based on these nine violations and the provisions of the FCRA, Plaintiffs ask for judgment against Advantage Group in the amount of $9,000 in actual damages and $9,000 in punitive damages. *Id.*

The Court issued an order regarding Plaintiffs' motion for default judgment on January 31, 2019. ECF No. 297. Having reviewed Plaintiffs' motion and the record, the Court was not satisfied that Plaintiffs had completed service of process on Advantage Group. *Id.* at 3; *see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served

properly."). The Court ordered Plaintiffs to file proof of proper service of process on Advantage Group within 21 days of the Court's order. ECF No. 297 at 4.

On February 15, 2019, Plaintiffs filed proof of their service of process on Advantage Group. ECF No. 298. Having failed to contact or locate Advantage Group, Plaintiffs mailed the summons and complaint to the New Mexico Secretary of State, in accordance with New Mexico law. *Id.* at 5–6; *see also* N.M. Stat. § 38-1-5.1.

## LEGAL STANDARD

A court may exercise its discretion to order default judgment following the entry of default by the Clerk of the Court. Fed. R. Civ. P. 55(b). Once the Clerk of Court enters default, the well-pleaded allegations of the complaint, except those concerning damages, are deemed true. Fed. R. Civ. P. 8(b)(6); *see TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). In conjunction with moving for default judgment, Plaintiff must provide evidence of all damages sought in the complaint, and the damages sought must not be different in kind or exceed the amount demanded in the pleadings. Fed. R. Civ. P. 54(c).

The Ninth Circuit has prescribed the following factors to guide the district court's decision regarding the entry of a default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due

to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).[1]

**DISCUSSION**

*Service of Process*

Before granting default judgment, a district court should ensure the adequacy of the service of process on the party against whom default judgment is requested. *Calista Enters. Ltd. v. Tenza Trading Ltd.*, No. 3:13-cv-01045-SI, 2014 WL 3670856, at *2 (D. Or. July 23, 2014). Service of process may be completed by following state rules for service in the state in which service is to be made. Fed. R. Civ. P. 4(e)(1). In New Mexico, if a designated agent of a state-registered LLC cannot be found, a plaintiff may serve process on the Secretary of State of New Mexico to effectuate service against the LLC. N.M. Stat. § 38-1-5.1.

Plaintiffs filed an Acceptance of Service Certificate from New Mexico's then-Secretary of State, Brad Winter, stating that he received the summons and complaint on behalf of Advantage Group after Advantage Group could not be

---

[1] Parties moving for default judgment in this district must state, by declaration or affidavit, whether the party against whom judgment is sought is an infant or otherwise incompetent and attest that the Servicemembers Civil Relief Act ("SCRA") does not apply. *See* LCivR 55(b)(1). However, given Plaintiffs' *pro se* status, and no evidence to support the conclusion that the Advantage Group is incompetent or that the SCRA applies, the Court deems Plaintiffs' failure to follow the Local Rules as harmless.

ORDER GRANTING DEFAULT JUDGMENT ~ 4

located. ECF No. 298 at 6. He received the service of process on January 13, 2016, within the ninety-day limit imposed by Rule 4(m). *Id.*; *see also* Fed. R. Civ. P. 4(m). Therefore, the Court finds that service of process on Advantage Group was proper.

*Default Judgment*

Plaintiffs move for default judgment against Advantage Group for nine violations of the FCRA. ECF No. 296.

The Court turns to the seven *Eitel* factors. *Eitel*, 782 F.2d at 1471–72. The first factor, the possibility of prejudice to Plaintiffs, favors granting default judgment. Plaintiffs have been unable to locate Advantage Group throughout the course of this litigation, and Advantage Group has not pleaded or otherwise appeared to defend against Plaintiffs' claims. Plaintiffs appear to lack an alternative to default judgment for recovery against Advantage Group and would be prejudiced if the Court did not grant default judgment.

The second and third *Eitel* factors are assessed by analyzing whether the allegations in the complaint are sufficient to state a claim on which Plaintiffs may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Plaintiffs claim that Advantage Group violated the FCRA by providing false or misleading information to third parties on credit reports held by Advantage Group. ECF No. 1 at 9–10. While Plaintiffs do not allege a violation of a specific subsection of the FCRA, Plaintiffs appear to allege a violation of 15 U.S.C. § 1681e(b), which states

that consumer reporting agencies "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b); *accord Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that the Court has an obligation to liberally construe *pro se* complaints).

"Liability under § 1681e(b) is predicated on the reasonableness of the credit reporting agency's procedures in obtaining credit information." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). A plaintiff establishes a prima facie violation of section 1681e(b) by showing that a credit reporting agency prepared a report containing inaccurate information. *Id.* A credit reporting agency can rebut the prima facie violation by proving that the report was generated using reasonable procedures. *Id.*

Taking the allegations in the complaint as true, Advantage Group provided false and misleading reports to third parties by reporting Plaintiffs' closed credit accounts as open or active, establishing a prima facie violation of section 1681e(b). ECF No. 1 at 9–10. Without Advantage Group available to rebut the prima facie case by showing the reasonable procedures it used to prevent reporting inaccurate statements, Plaintiffs' FCRA claim is legally sufficient. *Danning*, 572 F.2d at 1388. Therefore, the second and third *Eitel* factors favor granting the default judgment.

The fourth *Eitel* factor, the sum of money at stake in the action, is neutral due to the relatively low amount of money at stake here. The Court turns to the fifth factor, which is the possibility of a dispute concerning the material facts. As stated above, if Advantage Group had answered Plaintiffs' allegations, they could have refuted the claim that they reported false or misleading information or provided evidence of their reasonable procedures that are meant to prevent inaccurate reporting. This case, and every case before this Court involving Plaintiffs, is ripe with a history of disputed facts on the credit reporting at issue. Therefore, the possibility of a dispute concerning the material facts is high, and this factor weighs against granting default judgment.

The sixth *Eitel* factor is whether the entry of default was due to excusable neglect. *Eitel*, 782 F.2d at 1471–72. In *Eitel*, the Ninth Circuit found excusable neglect when a party did not answer a complaint because it thought that it had reached a settlement with the plaintiff. *Id.* at 1472. Plaintiffs attempted to serve Advantage Group but could not contact them at their registered address. Plaintiffs then served Advantage Group by mailing the documents to the New Mexico Secretary of State in accordance with New Mexico law. It has been over three years since Plaintiffs served the New Mexico Secretary of State, and Advantage Group has still not appeared to defend against Plaintiffs' claims. It appears that Advantage Group has had opportunity to defend against the claims in this action,

but has failed to appear. The sixth *Eitel* factor weighs in favor of granting default judgment.

The seventh *Eitel* factor is the strong policy favoring decisions on the merits in the Federal Rules of Civil Procedure. *Eitel*, 782 F.2d at 1471–72. "Whenever it is reasonably possible, cases should be decided upon their merits." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). But a defendant's failure to appear "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Advantage Group's failure to appear makes an adjudication on the merits impossible. Therefore, the seventh *Eitel* factor weighs in favor of granting the default judgment.

Ultimately, five of the seven *Eitel* factors weigh in favor of granting default judgment, one weighs against granting default judgment, and one is neutral. Based on these factors, the Court finds that granting default judgment is appropriate.

*Damages*

Plaintiffs ask for $9,000 in actual damages and $9,000 in punitive damages. ECF No. 296 at 2. Punitive damages are available for willful violations of the FCRA. 15 U.S.C. § 1681n(a)(2). "To be entitled to punitive damages under 15 U.S.C. 1681e(b), a consumer must show that the defendant acted in 'reckless disregard of [its] statutory duty.'" *Saindon v. Equifax Info. Servs.*, 608 F. Supp. 2d 1212, 1216 (N.D. Cal. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47,

56 (2007)) (brackets in original). Plaintiffs have made no such showing that Advantage Group acted in reckless disregard of the FCRA. For that reason, the Court will not impose punitive damages on Advantage Group.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Default Judgment, **ECF No. 296**, and supplement to that motion, **ECF No. 298**, are **GRANTED**.

2. Judgment shall be entered in favor of Plaintiffs against Advantage Group in the amount of $9,000, plus interest, as calculated by 28 U.S.C. § 1961.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to Plaintiffs, enter judgment as directed, and **close this case**.

**DATED** February 20, 2019.

                                   *s/ Rosanna Malouf Peterson*
                                 ROSANNA MALOUF PETERSON
                                      United States District Judge